UNITED STATES *v.* JOHN C. WIARDA & CO., HARSHAW FULLER & GOODWIN CO., HARSHAW CHEMICAL CO., KALBFLEISCH CORP. (No. 3861) [1]

United States Court of Customs and Patent Appeals, December 16, 1935

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *William Whynman*, special attorney, of counsel), for the United States.

*Curie, Lane & Wallace* (*William Young* of counsel) for appellees.

[Oral argument December 5, 1935, by Mr. Lawrence and Mr. Young]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

It is conceded by counsel for the Government, and was in effect so stipulated by counsel for all the parties, that the controversy involved

[1] T. D. 48082.

in this appeal from a judgment of the United States Customs Court, Third Division, is in substantially every particular identical with that determined by us adversely to the Government's contention in the case of *United States* v. *Innis Speiden & Co. et al.*, 23 C. C. P. A. (Customs) 4, T. D. 47653.

The brief here filed on behalf of the Government states:

The question at issue is brought up again for a more complete presentation owing to the importance of the case.

The merchandise consists of sodium silico fluoride imported while the Tariff Act of 1922 was in force. The entries here involved are so-called duress entries in which the several importers claimed the dutiable value to be 4¼ cents per pound, but advanced the same to 5¼ cents per pound to meet advances made by the appraiser in a similar case then pending on appeal for reappraisement, such case being a test case.

The reappraisement in the test case resulted in a finding of value of 4 cents per pound which sustained the contention and entry of the importers in that case, and it is stipulated that the final appraised value in the instant case was the same.

A provision of section 489 of the Tariff Act of 1922 reads:

SEC. 489. * * * Duties shall not, however, be assessed upon an amount less than the entered value, except in a case where the importer certifies at the time of entry that the entered value is higher than the value as defined in this Act, and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and the importer's contention in said pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and it shall appear that the action of the importer on entry was so taken in good faith, after due diligence and inquiry on his part, and the collector shall liquidate the entry in accordance with the final appraisement.

The Collector of Customs, following the instructions of the Commissioner of Customs embraced in T. D. 45805, 62 Treas. Dec. 64, instead of liquidating the so-called duress entries upon the basis of 4 cents per pound, liquidated upon the basis of 4¼ cents per pound, the value at which the importers made their voluntary entries.

Appellees in the instant case filed protests which were sustained by the Customs Court whose judgment is brought before us for review.

It is not amiss to recite that after our decision in the *Innis Speiden & Co.* case, *supra*, had been rendered, the Government filed petition for rehearing which, after due and full consideration we felt constrained to deny.

The issue with its incidental questions has again been considered by us in the light of the presentation made both by brief and oral argument in the instant case, and all additional authorities cited have been carefully scrutinized.

It is felt that the conclusion reached in the *Innis Speiden Co.* case, *supra*, was sound.

We feel that all contentions were fairly discussed in our opinion there, and that no occasion exists for saying here more than was there said.

The judgment of the United States Customs Court is *affirmed*.